UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plantiff,<br>vs.<br>CARLOS ENRIQUE LOPEZ SOTO,<br>Defendant. | Case Nos. 14-415 (DRD)<br>14-637 (GAG) |

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO DISMISS

Comes Now, defendant Carlos Enrique Lopez Soto ("Lopez Soto") and hereby files his reply to governments response to motion to dismiss. For the following reasons, Lopez Soto's motion requesting the dismissal of his Section 922(g)(1) convictions should be granted:

1. Supreme Court's case Rehaif is retroactive, and fully supports Lopez Soto's motion to dismiss

In Rehaif v. United States, 139 S. Ct 2191 (2019), the Supreme Court ruled that in Section 922(g)(1) prosecutions, the United States must show beyond a reasonable doubt

- 1 -

that the defendant knew he possessed the firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct 2194.

2. The government conceded that the jury instruction was constitutionally deficient

In its response the government truly admitted that the jury instruction in Lopez Soto's trial did not include as an element Lopez Soto's knowledge of his status as a felon See <u>Government response at 3-4</u>.

3. A deficient Jury Instruction would always invalidate a conviction

Lopez Soto respectfully contends that "Constitutionally deficient criminal jury instruction as to definition of reasonable doubt for purposes of providing guilty beyond reasonable doubt, would always invalidate a conviction See <u>Sullivan v. Louisiana</u> 508 US 275 279 113 S.Ct 2078 124 LEd 2d 182 (1993); <u>United States v. Isaacs</u>, 14 F.3d 106 (1st Cir. 1994).

4. Contrary to government's assertion the Judicial notice cannot cure a deficient Jury Instruction

The government also wrongly assumed that

- 2 -

the Court by taking judicial notice first, that there was evidence in the record (not the trial record) that Lopez Soto has been convicted of several serious offenses and sufficient evidence was presented from which the jury could have inferred that Lopez Soto knew of his prohibited status his rights were unaffected. This presumption is <u>patently wrong</u> and is more than the law tolerates, becaus Lopez Soto jury instruction was deficient and cannot be cure by the court statement that Lopez Soto has been convicted in any court of at list one crime punishable by imprisonment for a term exceeding one year. See <u>government response at 4</u> Aditionally, because Lopez Soto never stipulates that he has been previously convicted, the jury could have not inferred Lopez Soto's knowledge of his prohibited status. Therefore, the government objections should be overruled

## CONCLUSION

In light of the foregoing, Lopez Soto respectfully prays this court, GRANT the dismissal of his Section 922(g)(1) convictions in Light of <u>Rehaif</u>.

Dated on November 08, 2021

Respectfully Submitted,

*Carlos E. Lopez Soto*

Carlos Enrique Lopez Soto
Reg. No 44424-069
USP Terre Haute
P.O Box 33
Terre Haute, IN 47808

-3-